IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**Kimberly A. Teague**                                                                                     **Plaintiff**

v.                                        No. 4:14-CV–689-DPM-JTK

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                           **Defendant**

<u>Recommended Disposition</u>

Instructions

The following recommended disposition was prepared for U.S. District Judge D.P. Marshall.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Reasoning for Recommended Disposition**

Kimberly A. Teague seeks judicial review of the denial of her application for social security disability benefits.[3] Teague last worked as a telemarketer.[4] She lost her job in September 2010, because her employer relocated. She claims she has been disabled since that time. She bases disability on a clubfoot, back pain, and leg pain.[5]

**The Commissioner's decision**. After considering the application, the ALJ identified severe impairments — congenital right talipes equinovarus (clubfoot) with leg length discrepancy, scoliosis, disc protrusion of the lumbar spine at level L6-S2, and personality disorder[6] — but determined Teague can do some unskilled sedentary work.[7] Because a vocational expert identified available unskilled sedentary work,[8] the ALJ determined Teague isn't disabled and denied the application.[9] After the Appeals

---

[3]SSA record at pp. 150 & 152 (applying on July 27, 2011 and alleging disability beginning Sept. 30, 2010).

[4]*Id*. at p. 181.

[5]*Id*. at p. 180.

[6]*Id*. at p. 13.

[7]*Id*. at p. 15.

[8]*Id*. at pp. 60-61.

[9]*Id*. at p. 20.

Council denied review,[10] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[11] Teague filed this case to challenge the decision.[12]

**Teague's allegations**. Teague contends the combination of her physical impairments meets listing 1.02A, major dysfunction of a joint. She complains because the ALJ failed to quantify the weight given to her doctor's medical statement. She suggests the ALJ failed to conduct a function-by-function analysis in determining her ability to work. She questions the consistency of her ability to work with the jobs the ALJ identified as available. For these reasons, she asks for the award of benefits.[13]

**Applicable legal principles**. When reviewing a decision denying an application for disability benefits, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[14] For substantial evidence to exist,

---

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]Docket entry # 1.

[13]Docket entry # 17.

[14]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not

a reasonable mind must accept the evidence as adequate to support the determination that Teague can do some unskilled sedentary work and that work exists that Teague can do.[15] Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."[16] The ALJ required sedentary work that does not require the operation of foot controls with the right foot.[17] Unskilled work involves incidental interpersonal contact, tasks learned and performed by rote, few variables, little required judgment, and simple, direct, concrete supervision. A reasonable mind will accept the evidence as adequate to show Teague can work within the ALJ's parameters for the following reasons.

> 1. **Teague has no very serious functional limitation preventing sedentary work**. Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[18] Teague's physical impairments do not prevent sedentary work.

Teague's primary impairment is her right foot. She was born with right

---

disabled.").

[15]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) (substantial evidence exists if a reasonable mind will accept evidence as adequate to support conclusion).

[16]20 C.F.R. §§ 404.1567(a) & 416.967(a).

[17]SSA record at p. 15.

[18]SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

clubfoot. "Clubfoot is a condition in which one or both feet are twisted into an abnormal position at birth."[19] For some children, one leg is slightly shorter than the other leg. There are variations of clubfoot, but in Teague's variation, the foot twists inward with the toes pointing downward. The right leg is shorter than the left.[20] Teague wears a shoe with a heel lift for leg-length discrepancy and brace to reduce inward rotation.[21]

Clubfoot itself doesn't cause pain, but prolonged walking or standing can cause pain. Teague's impairment doesn't prevent sedentary work because it doesn't involve much walking or standing. Instead, sedentary work involves mostly sitting.

Teague has a disc protrusion with some foraminal narrowing at level S1-2,[22] at the sacrum, and a scoliotic curve in the lumbar spine. Foraminal narrowing may cause pain. Severe scoliosis can cause pain, but there's no indication Teague has severe scoliosis. To the extent she has pain, her pain did not prevent her from working as a telemarketer. Nevertheless, the ALJ considered "mild to moderate pain" in determining her ability to work.[23]

The combination of clubfoot, foraminal narrowing, and disc protrusion doesn't meet listing 1.02A because no evidence implicates an inability to ambulate effectively.[24] Teague walks with a limp on the right,[25] but she

---

[19]L. Fleming Fallon, Jr., & Rebecca J. Frey, "Clubfoot," 2 The Gale Encyclopedia of Med. 1041 (4th ed.).

[20]SSA record at p. 377.

[21]*Id*. at pp. 370, 372 & 431.

[22]*Id*. at pp. 454-58.

[23]*Id*. at pp. 15 & 60.

[24]"Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined

ambulates effectively with a built up shoe and brace.[26] A reasonable mind will accept the evidence as adequate to support the determination that Teague can do sedentary work.

2. **The ALJ conducted a function-by-function analysis of Teague's ability to work**.[27] The ALJ addressed her ability to lift, carry, stand, walk, sit, push, pull, climb, balance, stoop, bend, crouch, kneel, crawl, and operate foot controls.[28]

3. **The ALJ adequately addressed the treating physician statement**. The ALJ must consider all credible evidence, to include medical opinion evidence, when considering whether a claimant is disabled.[29] The Commissioner's rules instruct the ALJ to give a treating physician's medical opinion controlling weight if it "is well- supported and not inconsistent with the other substantial evidence in the case record."[30]

---

generally as having insufficient lower extremity functioning … to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities."  20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1).

[25]SSA record at pp. 369 & 375.

[26]"To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school."  20 C.F.R. pt. 404, subpt. P, app. 1, at § 1.00B2b(2).

[27]*Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003) (ALJ should assess work-related abilities on function-by-function basis, including functions of sitting, standing, and walking).

[28]SSA record at p. 15.

[29]20 C.F.R. §§ 404.1527 & 416.927.

[30]SSR 96-2p, *Pol'y Interpretation Ruling Titles II & XVI, Giving Controlling Weight to Treating Source Med. Opinions*.

The record includes three medical opinion statements: two from agency medical experts and one from a treating physician. The first agency medical expert opined that Teague can do light work.[31] The second agency medical expert limited her to sedentary work.[32] A former treating physician reported disabling symptoms.[33]

Teague's complaint focuses on the failure to quantify the weight given the treating-physician statement, but her actual complaint is the failure to give the statement controlling weight. Instead of quantifying weight, the ALJ observed the physician's findings "do not necessarily support a finding that [Teague's] medical condition is disabling" and that the physician "appears to have taken [Teague's] subjective allegations at face value in reaching his conclusion … This physician's opinion has been considered but, in view of the overall record, is not found to be persuasive."[34] These statements implicitly reject the statement as unsupported. The question for the court is whether a sufficient basis existed for rejecting the statement.

The ALJ had a sufficient basis because the evidence does not support all reported limitations. Treatment records document no limitations.[35] Teague contradicted the reported limitations. For example, according to the physician, Teague can sit for 60 minutes at one time for a total of 4 hours per workday.[36] When asked about her work as a telemarketer, Teague said she usually worked 5 days per week and averaged 30 hours per week.[37] She said her work involved sitting, although she used

---

[31]SSA record at pp. 378-85.

[32]*Id*. at pp. 437-43.

[33]*Id*. at pp. 389-90.

[34]*Id*. at p. 19.

[35]*Id*. at pp. 426-31.

[36]*Id*. at p. 389.

[37]*Id*. at pp. 30-31.

"props."[38] If this is true, Teague sat for more than 4 hours per work day. The physician reported that Teague would miss 3 to 4 workdays per month as a result of her impairments[39] — so as to preclude work on a sustained basis — but Teague stopped working because her employer relocated, not because of her impairments.

After losing her job, Teague sought other work and held herself out as able to work by receiving unemployment benefits. These efforts are probative of Teague's claim because no medical evidence shows a deterioration of impairment. Teague worked with the impairments she claims are disabling; she worked with the impairments that served as the basis of the reported limitations. The physician's statement deserved no controlling weight. The ALJ adequately addressed the statement.

4. **Work exists that Teague can do**. After determining Teague had no past relevant work — because her earnings fell below the substantial-gainful-activity level[40] — the ALJ questioned a vocational expert about available unskilled sedentary work.[41] The vocational expert identified production assembler like watch crystal attacher and general office clerks like document preparer as representative jobs.[42] The availability of the representative jobs shows work exists that Teague can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[43] Because such work exists, Teague isn't disabled under social security law.

---

[38]*Id*. at p. 50.

[39]*Id*. at p. 390.

[40]*Id*. at pp. 59 & 159-60.

[41]*Id*. at p. 60 (asking about unskilled sedentary work for a person who can occasionally climb, balance, stoop, bend, crouch, kneel, and crawl, but cannot operate foot controls with the right leg).

[42]*Id*. at pp. 60-61.

[43]42 U.S.C. § 1382c(a)(3)(B).

Teague suggests the Commissioner failed to meet her burden to identify work she can do by questioning whether she can solve problems or sit to work, but her questions do not undermine the vocational evidence. Neither identified job exceeds Teague's ability to work. The mental examiner detected no cognitive deficits.[44] Teague completed three years of college courses.[45] She reported no problems with reasoning. No evidence supports the need for a sit/stand option.

### Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision. Teague's impairments do not preclude sedentary work. The ALJ made no reversible legal error. For these reasons, the undersigned magistrate judge recommends DENYING Teague's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 6th day of October, 2015.

_____
United States Magistrate Judge

---

[44] SSA record at p. 393.

[45] Id. at p. 29.